Gloria Timmer, Secretary Department of Administration State Capitol, Room 263-E Topeka, Kansas 66612-1572
Dear Ms. Timmer:
As secretary for the department of administration, you request our opinion regarding whether a provision of chapter 347 of the 1994 session laws is applicable to a member of the Kansas public employees retirement system (KPERS) who prior to enactment of the provision submitted the required written election to KPERS, listing one or more periods of service the member wishes to purchase, and received confirmation regarding such election from KPERS.
A member of KPERS is entitled upon retirement to a retirement benefit the amount of which is equal to the product reached by multiplying a factor established by state statute, the member's quarters of participating service, and the member's final average salary. K.S.A. 1993 Supp. 74-4915. Participating service is the period of employment with a participating employer for which credit is granted a member. K.S.A. 1993 Supp. 74-4902, as amended by L. 1994, ch. 347, sec. 1. Under certain circumstances, a member of KPERS is permitted to purchase additional quarters of participating service credit. See K.S.A. 1993 Supp. 74-4919a
(first year of service); 74-4919c (previously forfeited service); 74-4919h, as amended by L. 1994, ch. 293, sec. 14 (military service); K.S.A. 74-4919i (previously barred service); K.S.A. 1993 Supp. 74-4919j
(service as an elected official); K.S.A. 74-4919l (previously forfeited service); 74-4936a (certain service as teacher); K.S.A. 1993 Supp. 74-4963
(previously forfeited service); 74-4963a (previously forfeited service). Such purchases are achieved through one of two methods: by payment of a lump-sum amount equivalent to the required employee contribution rate of the compensation paid to the member for service during such period; or by deduction from the member's compensation at a percentage rate equal to two or three times the member's rate of contribution for service during such period. Through such purchases, a member is able to increase the number of quarters of participating service used in determining the member's retirement benefit.
Pursuant to an administrative decision of KPERS, a member who is purchasing additional participating service credit is also credited with additional quarters of compensation at the member's salary level as it stands at the time the purchase is made. Minutes, Senate Committee on Ways and Means, March 28, 1994. Generally, the additional quarters of compensation are at a level higher than quarters of compensation earned earlier during a member's employment. The additional quarters of compensation replace quarters of compensation earned before the purchase of additional participating service credit. Because final average salary is generally based on an average of the final sixteen quarters of compensation, see K.S.A. 1993 Supp. 74-4902, as amended, the additional quarters of compensation credited by KPERS generally results in an inflation of a member's final average salary.
In L. 1994, ch. 347, secs. 1 and 2, the legislature enacted provisions amending the definitions of final average salary applicable under KPERS and the Kansas police and firemen's retirement system (KPF). The effect of the amendments to K.S.A. 1993 Supp. 74-4902 and 74-4952 is to preclude members of KPERS and KPF from inflating their final average salaries through the purchase of participating service credit during their final years of participating service. The provision provides:
 "For any application to purchase or repurchase service credit for a certain period of service as provided by law received by the system after May 17, 1994, for any member who will have contributions deducted from such member's compensation at a percentage rate equal to two or three times the employee's rate of contribution or will begin paying to the system a lump-sum amount for such member's purchase or repurchase and such deductions or lump-sum payment commences after the commencement of the first payroll period in the third quarter, `final average salary' shall not include any amount of compensation or salary which is based on such member's purchase or repurchase. Any application to purchase or repurchase multiple periods of service shall be treated as multiple applications." K.S.A. 1993 Supp. 74-4902, as amended; 74-4952, as amended (emphasis added.)
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, 629
(1992).
Historically, KPERS has permitted a member to file one written election listing one or more periods of service the member intends to purchase. While KPERS accepts one written election listing various periods of service to be purchased, state statute does not permit a member to concurrently purchase all the periods of service listed on the written election. See K.S.A. 1993 Supp. 74-4919h, as amended; 74-4919j. It is clear from the amendments to K.S.A. 1993 Supp. 74-4902 and 74-4952 that each period of service listed on the written election received by KPERS is to be considered as a separate application to purchase participating service.
The preclusion against including in the member's final average salary any amount of compensation or salary which is based on a member's purchase or repurchase, however, applies only when an application to purchase or repurchase service credit is received by the system after May 17, 1994, and deductions for such purchase or repurchase will commence after the commencement of the first payroll period in the third quarter (May 18, 1994). When construing a statute a court must give words in common usage their natural and ordinary meaning. House v. AmericanFamily Mutual Insurance Co., 251 Kan. 419, 423 (1992). To receive is commonly understood as meaning to accept, admit, or take. See Webster's Third International Dictionary 1894 (1986). There is no indication that the legislature intended to ascribe another meaning to the term.
In the example you present, a member of KPERS has, prior to May 17, 1994, submitted to KPERS a written election listing multiple periods of service the member wishes to purchase through increased deductions and received from KPERS confirmation regarding the election. Although such deductions will not commence until after the commencement of the first payroll period in the third quarter (May 18, 1994), the application was received by KPERS before or on May 17, 1994. The preclusions enacted through sections 1 and 2 of chapter 347 of the 1994 session laws are therefore not applicable.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm